O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
GULF INSURANCE COMPANY,          §
                                 §
          Plaintiff,             §
                                 §
v.                               §    CIVIL ACTION NO. H-05-1613
                                 §
COACHMEN INDUSTRIES, INC.,       §
d/b/a SHASTA INDUSTRIES,         §
                                 §
          Defendant.             §
```

MEMORANDUM AND ORDER

Pending is Defendant Coachmen Industries, Inc. d/b/a Shasta Industries's ("Coachmen") Motion to Dismiss or Stay, and Alternative Motion to Transfer Venue. (Document No. 4). After carefully considering the motion, response, and the applicable law, the Court concludes as follows:

This is a declaratory judgment action. Plaintiff Gulf Insurance Company ("Gulf") insured Coachmen under Commercial Excess Liability (Umbrella) Policy No. CU0719523 (the "Policy") from May, 2001, to May, 2002.  In January, 2001, Wayne and Norma Brashears (the "Brashears") allegedly sustained severe and permanent disfiguring injuries when a television contained in a trailer manufactured by Coachmen exploded and started a fire.  The Brashears then filed suit against the television manufacturer in the 79th Judicial District Court of Jim Wells County, Texas, and

the television manufacturer filed a third party complaint against Coachmen (collectively, the "Brashears action").

Gulf now brings the instant action for a declaratory judgment that the Policy affords no coverage with respect to claims made against Coachmen in the Brashears action. According to Gulf, Coachmen breached the Policy--and prejudiced Gulf--by failing timely to notify Gulf of the Brashears action and underlying facts in accord with the terms, conditions, and endorsements in the Policy. Coachmen, however, moves to stay or dismiss (or alternatively, to transfer) the instant action based on the abstention doctrine set forth in Brillhart v. Excess Ins. Co. of Am., 62 S. Ct. 1173 (1942).

"The Declaratory Judgment Act, 28 U.S.C. §2201(a), 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'" Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003) (quoting Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2143 (1995)). Under Brillhart, district courts have "discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court." Kelly Inv., Inc. v. Continental Common Corp., 315 F.3d 494, 497 (5th Cir. 2002), *cert. dismissed*, 124 S. Ct. 383 (2003). Apparently, on the evening *before* Gulf filed the instant action, Coachmen filed suit against Gulf and one Charles Watson in the 79th Judicial District

Court of Jim Wells County, Texas (the "Coachmen action"). *See* Document No. 6, at 3.[1] In the Coachmen action--which Gulf has now *removed* to the Corpus Christi Division of the Southern District of Texas--Coachmen pleads for a declaratory judgment that it did give proper and timely notice to Gulf of any claims arising from the Brashears action.[2]

When analyzing whether to decide or dismiss a declaratory judgment suit, a court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams, 343 F.3d at 387. While there is an actual controversy between the parties to the instant case, a district court does not have authority to consider the merits of a declaratory judgment action if: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is

---

[1] The action is Coachmen Indus., Inc. v. Watson, No. 05-05-43389-CV.

[2] The Court takes judicial notice of Coachmen's Original Petition. *See* Coachmen Indus., Inc. v. Watson, No. 2:05-cv-264, Document No. 1 ex. E. The Court further notes that although Coachmen moved to remand for lack of subject matter jurisdiction and procedural defects, the Honorable Janis Graham Jack *denied* that motion and ordered the case to non-binding mediation. *See* id. Document Nos. 6, 13-14.

prohibited from enjoining the state proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283.  *Id.* at 388 n.1.[3]  Here, the Coachmen action was filed prior to and involves the same issues as the instant case, but the Anti-Injunction Act does not apply because Gulf removed the Coachmen action to federal court. *See* Sherwin-Williams, 343 F.3d at 387-388 (treating Anti-Injunction Act as inapplicable where state court suits had been removed to federal court, even when a motion to remand was pending).  Thus, the Court has authority to grant declaratory relief.

In deciding whether to accept or decline jurisdiction over a declaratory action, district courts are guided by the factors set forth in St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994):

> (1)   whether there is a pending state action in which all of the matters in controversy may be fully litigated;

---

[3] Section 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Although Gulf does not plead for injunctive relief, "[t]he Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction-- providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993)(citing Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491, 506 (5th Cir. 1988)(en banc)).  Thus, where § 2283 would bar an injunction, a declaratory judgment that would have the same effect as an injunction is also barred. *See* Texas Employers' Ins. Ass'n, 862 F.2d at 506.  As the Travelers panel recognized, however, there are exceptions to this rule.  *See* Travelers, 996 F.2d at 776-77.

    (2)    whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

    (3)    whether the plaintiff engaged in forum shopping in bringing the suit;

    (4)    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

    (5)    whether the federal court is a convenient forum for the parties and witnesses;

    (6)    whether retaining the lawsuit would serve the purposes of judicial economy; and

    (7)    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Sherwin-Williams, 343 F.3d at 388 (quoting Trejo, 39 F.3d at 590-91).[4] Coachmen, however, provides no discussion of these factors whatsoever. Moreover, the Coachmen action, having been removed and Coachman's motion to remand having been denied, is now pending in federal rather than state court. Given that Coachmen offers no reason why the Trejo factors would still favor abstention under the present circumstances, its motion to dismiss or stay will be denied.[5]

---

[4] The Trejo factors constitute the Fifth Circuit's expression of the factors set forth by the Supreme Court in Brillhart. *See* Sherwin-Williams, 343 F.3d at 390.

[5] Coachmen also moves (in the alternative) "to transfer this action to the 79th Judicial District Court of Jim Wells County for the convenience of the parties and key witnesses in the interest of

5

For the foregoing reasons, it is

ORDERED that Defendant Coachmen Industries, Inc. d/b/a Shasta Industries's Motion to Dismiss or Stay, and Alternative Motion to Transfer Venue (Document No. 4) is DENIED.

In light of this Order, the controversy between these parties now appears to be pending in two separate cases both on file in this Court, namely, the Coachman action pending in the Corpus Christi Division and Gulf Insurance Company's action pending in the Houston Division.  This constitutes a waste of limited judicial resources, and one case or the other should be transferred to the other division and consolidated.  *See* 28 U.S.C. § 1404(b); L.R. 7.6.  It is expected that the parties will consult to reach agreement to achieve an appropriate consolidation.  In the meanwhile, except for filing a motion to transfer this case to the Corpus Christi Division or for receiving notice that Judge Jack has transferred the Coachman action to the Houston Division, further

---

justice pursuant to 28 U.S.C. § 1404(a)."  Document No. 4.  The function of § 1404(a), however, "is to vest . . . a federal forum with the power to transfer a transitory cause of action to a more convenient *federal* court."  Pope v. Atlantic Coast Line R.R. Co., 73 S. Ct. 749, 752 (1953)(emphasis added).  Thus, § 1404(a) does not empower a federal court to transfer a civil action to a *state* court, and Defendant's alternative motion for transfer will likewise be denied.

proceedings in this action are STAYED to avoid unnecessary and wasteful duplicative litigation.

It is SO ORDERED.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas, on this 19th day of July, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE